Archibald C. Wemple, J.
On February 18, 1956, the defendant sold to Joseph Stibinger, husband of the plaintiff, a 1947 Oldsmobile car for $140 under a conditional sales contract, allowing $15.00 trade-in allowance and the balance of $125 to be paid in weekly installments of $5 each. The contract specifically provided that title did not pass to the purchaser until payment in full of the purchase price. The plaintiff purchased the car from her husband, Joseph Stibinger, on March 4, 1956, after making a search of title in the town clerk’s office against the name of Van Wormer, defendant.
The defendant repossessed the car on March 7, 1956 from in front of the home of the plaintiff. It was taken without ‘‘ breach of the peace ’ ’ and keys were in the car at the time it was towed away. The car was never redeemed by the plaintiff’s husband, the contract purchaser, nor was it resold. What is left of the car is still in the possession of the defendant dealer. There is some question as to its mechanical condition or who caused its deteriorated value.
Section 65 of the Personal Property Law provides that ‘ ‘ Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser * # * who, without notice of such provision, purchases the goods * * * before the contract or copy thereof shall be filed”. However, as between the original parties to the contract, it was binding even though not filed.
*1039 The court is not convinced that the plaintiff did not have notice of the purchase by her husband of the car from the defendant under a conditional sale with reservation of the title in the seller. She admitted she knew her husband purchased a car from the defendant; she made a title search against the defendant; but she was very vague in identifying the town clerk, where his office was, when the search was made, etc. Reference was made to installment payments due when the car was taken. The husband continued to use the car after the transfer from him to the plaintiff. The transfer from husband to wife must receive careful consideration.
The cumulative effect of all this evidence is that she had knowledge, if not actual notice of the contract in question.
A review of sections 76 through 80-c of the Personal Property Law will substantiate the fact that the “retaking” by the defendant of the car without a breach of peace was proper (Personal Property Law, § 76). The contract purchaser had a right to tender the amount due and redeem (Personal Property Law, § 78). This right could have been exercised by the plaintiff. There was no requirement for a compulsory resale (Personal Property Law, §§ 79, 80).
"While there was no resale, as happened in this case, the defendant had a right to retain the goods as his own property and the husband purchaser was discharged from all obligation under the contract (Personal Property Law, § 80-c).
The complaint of the plaintiff is dismissed. Submit order accordingly.